344 P.2d 1004

STATE of Arizona, Plaintiff,

v.

Ray WACKER, Defendant.

No. 1144.

Supreme Court of Arizona.

Oct. 7, 1959.

Wade Church, Atty. Gen., H. B. Daniels, Asst. Atty. Gen., T. J. Mahoney, County Atty., Florence, for plaintiff.

Ellis & Cox, Eloy, and Richard G. Clemans, Casa Grande, for defendant.

STRUCKMEYER, Justice.

Ray Wacker was informed against by the county attorney of Pinal County, Arizona, for wilfully failing to comply with the provisions of Amended Crop Regulation No. 7 of the Arizona Commission of Agriculture and Horticulture, a regulation designed to suppress and eradicate an insect pest known as the Pink Bollworm of Cotton. The defendant was specifically charged with failing after harvest to have crop remnants remaining in his cotton field shredded, chopped or cut and plowed under to the depth of four inches or more, a misdemeanor. On motion to quash the information, the trial court certified certain questions to this court, of which those deemed necessary to a proper resolution of the motion will be considered.

*Question No. I*

"Is the delegation of 'Power and Authority' as set forth in Sec. 3-103 of Title 3, Chapter 1, of the Agricultural Administration Act, A.R.S., 1956, unconstitutional as being a delegation of legislative power to an administrative agency, without a statement of policy, guides, limitations or restraint?"

■ This question is directed to subsection 2, A.R.S. § 3-103, which provides:

"The commission may * * * (2) Make and enforce all rules, regulations and orders necessary to * * * prevent introduction of a crop pest or disease into the state, and to prevent propagation or dissemination of a crop pest or disease from one locality to another within this state, and to control, eradicate or to suppress a crop pest or disease."

The question of proper standards to restrict the sphere of action of administrative agencies has twice been extensively considered in recent decisions of this court, with opposing results. In State v. Marana Plantations, 75 Ariz. 111, 252 P.2d 87, 90, we held invalid a statute which permitted the State Board of Health to enact rules to "regulate sanitation and sanitary practices in the interests of public health" and to "protect and promote the public health and prevent disability and mortality" as being a complete delegation of legislative power. The statute neither designated a specific evil toward which it was directed nor defined the course of conduct which was to be followed by the administrative agency. No determination of fact was required upon which the law was dependent for its operation prior to adoption of regulatory measures. No attempt was made to limit the area within which the Board's power was to operate. We further said:

"* * * It may safely be said that a statute which gives unlimited regulatory power to a commission, board or agency with no prescribed restraints nor criterion nor guide to its action offends the Constitution as a delegation of legislative power. The board must be corralled in some reasonable degree and must not be permitted to range at large and determine for itself the conditions under which a law should exist and pass the law it thinks appropriate." 75 Ariz. 111, 252 P.2d 87, 89.

On the other hand, in Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P. 2d 764, we upheld the constitutionality of those sections of the groundwater code which required, upon a finding by the State Land Commissioner of a critical groundwater condition, a declaration of a critical groundwater area and then the drilling of further irrigation wells was by operation of law forbidden. We held that the legislature

might condition the operation of a statute upon an administrative finding of an ultimate fact as long as an adequate guide for determining that fact was provided.

In the instant case, the Act in question is more nearly comparable to the Ernst case. The legislature has defined by A.R.S. § 3–201, crop diseases and crop pests:

"* * * 2. 'Crop diseases' includes all fungus, bacteria, virus or other organism of any kind and any unknown cause which is or may be found to be injurious, or likely to be or to become injurious to any domesticated or cultivated plant, or to the product of any such plant.

"3. 'Crop pests' includes all insects, mites, spiders and other animal organisms found injurious, or likely to become injurious, to any domesticated, cultivated, native or wild plant, or to the product of any such plant."

It thus becomes the duty of the Commission to make and enforce rules, regulations and orders necessary to prevent the introduction, propagation or dissemination and to control, eradicate or suppress only those pests and diseases which are found to be injurious or likely to become injurious to plants or their products.

A.R.S. §§ 3–207 and 3–208 further circumscribe the actions of the Commission and the State Entomologist in that the State Entomologist, prior to calling a hearing before the Commission, must believe that "* * * a pest or disease * * * menaces or threatens serious injury to the horticultural or agricultural industry of this state * * *" and the Commission must find that such a menace exists. The Criterion, guide or standard upon which the law is to operate is the determination that a crop disease or crop pest is not only injurious to plants and their products, but that the disease or pest is such as to menace or threaten serious injury to the horticultural or agricultural industries.

A further question concerns the sufficiency of the standard to legally circumscribe the regulation-making power of the Commission. We said in Haggard v. Industrial Commission, 71 Ariz. 91, 223 P.2d 915, that the extent and character of the rules and regulations authorized to be adopted by the legislature must be fixed in accordance with common sense and the inherent necessities of governmental coordination. We also said in the Ernst case, supra, 291 P.2d at page 775, that it is not necessary for the legislature to lay down in advance an exact mathematical formula to which the administrative agency must adhere, for circumstances may vary which would serve to defeat the purpose of the legislative enactment.

In the Marana case, the legislative enactment required only that the rules and regulations of the State Board of Health be promotive of public health. Here, by con-

trast, subsection 2, A.R.S. § 3–103, supra, requires that the rules and regulations must be such as are *necessary* to prevent the introduction of a crop pest or disease in the state and to prevent propagation or dissemination from one locality to another. The governing standard established by the legislature is that of necessity. We recognize that the word "necessity" is not subject to precise definition and is not one which is susceptible to exact mathematical formula in advance. But here the circumstances for the control, suppression and eradication of crop pests and diseases quite obviously vary from disease to disease, and pest to pest, even from locality to locality, so that it is plainly impossible for the legislature to designate a precise rule of conduct in advance of administrative determination.

A contention similar to the argument presented was made in Carstens v. De Sellem, 82 Wash. 643, 144 P. 934, 937. To this argument, the Supreme Court of Washington said:

"* * * It is impracticable, if not impossible, for the lawmaking power to foreknow and specifically enumerate all contagious diseases and pests that may arise affecting the horticultural industry of the state. To meet the necessities caused by new diseases as they may occur, and prevent their spread, matters purely administrative may be left to administrative officers. If this were not so, the lives and property of the people might frequently be placed in jeopardy by the occurrence of some new contagion which the lawmaking branch of the government had not foreseen."

Laws somewhat similar to the one here under consideration have been upheld on the theory that the power to make rules is not exclusively legislative but essentially administrative and necessary to the complete administration of the law. Richardson v. Baldwin, 124 Fla. 233, 168 So. 255. And cf. Irvine v. Citrus Pest Dist. No. 2, 62 Cal.App.2d 378, 144 P.2d 857.

As stated, the defendant, Ray Wacker, has been charged with the violation of the regulation requiring those in affected areas to have crop remnants after harvest remaining in the cotton fields shredded, chopped, and cut and plowed under to the depth of four inches or more. Such a requirement has been held constitutional where enacted by a legislature, Van Gunten v. Worthley, 25 Ohio App. 486, 159 N.E. 326, and within the power of an administrative body to promulgate. Wallace v. Feehan, 206 Ind. 522, 190 N.E. 438. Accordingly, we hold that the answer to the first question is in the negative.

Certified Question No. 2 is directed at the delegation of authority to the State Entomologist. Since the defendant, Ray Wacker, was charged with violation of

a crop regulation adopted by the Arizona Commission of Agriculture and Horticulture, the question is purely hypothetical and will therefore not be answered. Certified Question No. 3 has not been argued by either party and accordingly we assume that it has been abandoned and therefore it will not be answered. Certified Question No. 4 was not argued by either party and accordingly we assume that it has been abandoned and therefore it will not be answered. We note that counsel for both parties have substituted and argued a different question from that certified by the court below. Neither counsel for the state nor defendant have authority by court rule or by statute to substitute a different question for that certified by the trial court.

Two further questions are certified:

*Question No. 5*

"Is the 'Notice of Adoption of Rules' filed November 21, 1958, in the office of the Secretary of State invalid as being in violation of Title 41, Chapter 6, Section 41–1004, in that said document was signed only by the State Entomologist as follows:

"Arizona Commission of
Agriculture and Horticulture
"(Name of Agency)
"/s/ W. T. Mendenhall
"(Signature of Officer)
"State Entomologist
"(Title of Officer)

*Question No. 6*

"Is the regulation in question invalid as being in violation of Title 41, Chapter 6, Section 41–1005, in that there apparently is no certified copy of the rule adopted on file with the Secretary of State, certified by a member of the Commission of Agriculture and Horticulture."

By A.R.S. § 41–1004, every rule adopted by an agency shall be *certified and filed* with the office of the Secretary of State, or it shall be of no force or effect. By section 41–1005, no rule adopted or promulgated by an agency shall become effective until a *certified copy has been filed* in the office of the Secretary of State with certain exceptions not here material.

■ It manifestly appears from the record before us, verified by an examination of the original in the Secretary of State's office, that although the Rule here in question was deposited and filed with the Secretary of State, it does not bear *any certification whatsoever that it is a true and correct copy* of the Rules promulgated by the Commission. Obviously, this does not constitute a compliance with the statutes, supra, and hence, the promulgated regulations are of no force or effect.

■ Under the Administrative Review Act, the legislature has not spelled out what

officer of any agency should sign the certification but undoubtedly it was contemplated that some officer in authority in the Department (such as the chairman, secretary, or other qualified person) should certify that the Rule filed was a true copy thereof.

This pronouncement constitutes a sufficient answer to both questions 5 and 6.

PHELPS, C. J., and UDALL, JOHNSON and BERNSTEIN, JJ., concur.