ROBERTS, Justice.
This case has come to us by direct appeal from the circuit court in and for Dade County inasmuch as that court initially passed upon the validity of a state statute, Chapter 15751, Laws of Florida, 1931. *798 Article V, Section 4(2), Constitution of Florida, F.S.A.
Appellants herein owned certain lands situate in Dade County and had granted a temporary spoil disposal easement covering such lands to the United States of America for use as a depository for spoil resulting from the improvement and maintenance of the Intercoastal Waterway. The appellee taxing authorities of Dade County levied and attempted to collect $7,534.30 in taxes on the property subject to the easement. The appellants brought suit seeking a declaratory judgment concerning the validity of the tax assessment. The circuit court granted the appellees’ motion to dismiss for failure to state a cause of action. This decision was predicated on a finding that Chapter 15751, Laws of Florida, 1931, purporting to give tax immunity to land which is or may be used by the United States of America in connection with the work of constructing, maintaining and operating the Intercoastal Waterway, is invalid in that it is not within the scope of Article IX, Section 1, of the Constitution of the State of Florida.
Article IX, Section 1, provides, inter alia: “ * * * shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes.” (Italics supplied.)
A kindred provision of the Florida Constitution, Article XVI, Section 16, deals with the subjection of the property of corporations to taxation “unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes.” (Italics supplied.)
All statutes providing for tax exemption of any kind, with the exception of homestead and certain personal exemptions, must come within the ambit of these two sections. The validity of Chapter 15751, Laws of Florida, 1931, therefore, is dependent upon the scope of “municipal” purposes as used in the Constitution.
Since these two sections are the source of all tax exemptions even the statute, F.S. § 192.06, F.S.A., which provides for the tax exemption of property of the United States, this state and the public property of the several counties, cities, villages, towns and districts in this state, used or intended for public purposes, must come within their terms. The only way this can be accomplished is by giving a broad meaning to “municipal purposes” as used in the foregoing sections of our Constitution and equating such with “public purposes”.
Semantically such a definition is justified. Webster’s Third New International Dictionary defines municipal as:
1: of or relating to the internal affairs as distinguished from the foreign relations of a nation or other major political unit; 2: of or relating to a municipality.
In Ballantine, Law Dictionary (2nd ed.) we find this: “The word is usually applied to what belongs to a city, but has a more extensive meaning, and is in legal effect the same as public or governmental, as distinguished from private. * * * The word has two meanings; one is ‘pertaining to the internal government of a state or nation;’ and in that sense every corporation formed for governmental purposes is a municipal corporation.”
Nor are we without precedent in our case law. In Gwin v. City of Tallahassee, Fla.1961, 132 So.2d 273, we said:
“We are urged, in construing this act, to draw a distinction between the words ‘municipal purpose’ and ‘public purpose’. Generically, of course, there is a difference but, so far as the use of the words in this particular setting is concerned, we think it clear that they are both used in the same sense and that is one generally embraced within the broad meaning of public purpose.”
*799 See also Daytona Beach Racing and Recreational Facilities Dist. v. Paul, Fla. 1965, 179 So.2d 349.
We are not alone in such an interpretation, e. g., City of Louisville, Ky. v. Babb (C.C.A. 7th., 1935) 75 F.2d 162 and citations therein. The Court of Appeals, 7th Circuit, was dealing with the exemption provision of the Constitution of the State of Indiana which exempts the same classes of property as the Florida Constitution: that used for municipal, educational, literary, scientific, religious or charitable purposes. The court held that “The reasonable meaning to be given to the phrase ‘municipal purpose’ when so used, is the broader meaning— equally well recognized by the courts — that of public or governmental purpose as distinguished from private.”
It has long been the policy of this court where a legislative enactment is ambiguous to make such interpretation as would render such law valid under our Constitution. It would be unreasonable to hold that the authors of our Constitution intended to permit the exemption of property held by municipalities from taxation while not extending such exemption to property held by counties, the state and other governmental units. Therefore, in the interpretation of Article IX, Section 1, and Article XVI, Section 16, Constitution of Florida, we hold that the word “municipal” relates to “the internal affairs as distinguished from the foreign relations of a nation or other major political unit[s].” Webster’s Third New International Dictionary.
 Our organic law would therefore support the validity of Chapter 15751, Laws of Florida, 1931. It was error for the trial court to hold the statute unconstitutional. The question of whether or not the property involved is in good faith being used in the improvement and maintenance of the Coastal Waterway, and the portion of the land so used, and the period of time during which it is so used, are questions of fact to be determined by the trial court.
Accordingly, judgment here under review is reversed and remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
THORNAL, C. J., and THOMAS, O’CONNELL, CALDWELL and HOB-SON (Retired), JJ., concur.
ERVIN, J., concurs specially with opinion.