523 P.2d 1334

**STATE of Arizona, Appellee,**

v.

**Samuel KELSALL, IV, Appellant.**

**No. 1 CA–CR 617.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 5, 1974.

Rehearing Denied Aug. 5, 1974.

Review Denied Oct. 1, 1974.

Gary K. Nelson, Atty. Gen., by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ron Kent Hooper, Phoenix, for appellant.

## OPINION

JACOBSON, Chief Judge, Division 1.

The main issue in this appeal is whether a regulation of the Maricopa County Health Department prohibiting the maintaining of pigs within 300 feet of an inhabited house is constitutional.

Defendant, Samuel Kelsall, IV, was originally charged by a criminal complaint (misdemeanor) with violating the following regulation of the Maricopa County Health Department:

> "No pigsty or piggery shall be built or maintained on marshy ground or land subject to overflow, nor within 200′ of any stream, canal, or other source of water supply, nor within 300′ of an inhabited house or occupied building on an adjoining property."

Following an adjudication of guilt by the Justice of the Peace, defendant appealed to the superior court, where this adjudication, after a trial de novo, was affirmed. The superior court's sentence in this matter enjoined the defendant from maintaining his

pigpens in violation of the quoted regulation. Defendant appeals, pursuant to A.R.S. § 22–375, admitting the factual basis for a determination of his guilt under the regulation, but contending that the regulation is invalid.

The state initially argues that this appeal must be dismissed for lack of jurisdiction on the basis that A.R.S. § 22–375 does not authorize an appeal to this court where the validity of a county health regulation is at issue. This argument is based upon a literal reading of A.R.S. § 22–375 which provides:

"A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, *municipal fine or statute.*

"B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court." (Emphasis added.)

The argument of the state is that "municipal" must refer only to cities or towns and the word "statute" does not include "regulations" and therefore this court lacks jurisdiction over an appeal questioning the validity of a county enactment even though such enactment has criminal sanctions.

In making this argument, the state relies upon a construction of A.R.S. § 22–375. In our opinion, a proper resolution of this problem requires an interpretation of art. 6, § 5 of the Arizona Constitution, A.R.S.[1] This constitutional provision provides in part:

"Sec. 5. The Supreme Court shall have:

\*   \*   \*   \*   \*   \*

"3. Appellate jurisdiction in all actions and proceedings except civil and criminal actions originating in courts not of record, unless the action involves the validity of a tax, impost, assessment, toll, *statute or municipal ordinance."* (Emphasis added.)

One of the obvious intentions of the constitutional provision is to restrict appeals beyond the superior court from non-record courts to those cases in which the actual validity of the enactment giving rise to the criminal prosecution is involved, in order to obtain an authoritative ruling on an enactment which has general application. Given the obvious purpose for this legislation, it is our opinion that the framers of the constitutional amendment intended the words "municipal ordinance" to be used in their broad sense, meaning enactments of those political bodies in the state exercising governmental functions, and not to make the term synonomous with "municipality" which refers only to cities and towns. Merchants' Nat. Bank of San Diego v. Escondido Irr. Dist., 144 Cal. 329, 77 P. 937 (1904); Holbein v. Hall, 189 So.2d 797 (Fla.1966); Siler v. Industrial Accident Comm'n 150 Cal.App.2d 157, 309 P. 2d 910 (1957). The regulations of the County Board of Health, a political body exercising governmental functions, are subject to review by this court.

Turning then to the merits of this appeal, it is defendant's basic contention that the state legislature has unconstitutionally delegated authority to an executive department, the Maricopa County Board of Health, to enact the regulation complained of here, without sufficient standards, and therefore that regulation is invalid.

The legislation establishing state and local health boards and departments envisions a multi-level governmental system dealing with health problems.[2] At the top of this multi-level system is the State Board of Health which is given general power over health problems affecting the state at large. To implement this power, the legislature gave the state board author-

---

1. This constitutional provision was amended subsequent to the enactment of A.R.S. § 22–375.

2. All references to legislation and statutes are to those existing prior to the extensive revisions effective July 1, 1974.

ity to enact regulations to "[d]efine and prescribe reasonably necessary measures for detecting, reporting, preventing and controlling communicable and preventable diseases" and "[t]he regulations shall include reasonably necessary measures to control animal diseases transmittible to man." A.R.S. § 36–105(B)(1).

The next tier of this system consists of county boards of health which are concerned with the health problems on the county level. These boards are given, within their jurisdiction, the same powers as are granted to the state board of health, A.R.S. § 36–162, including the authority to enact regulations, "provided that such ordinances, rules and regulations do not conflict with the state law and are equal to or more restrictive than the provisions of the regulations of the state board of health." A.R.S. § 36–105(E).

The third rung on the health ladder is the city boards of health which are concerned with city related health problems. These city boards are likewise given the same authority including the power to enact regulations, as the county and state boards of health. A.R.S. § 36–165(B).

The regulation of health related subjects also envisioned the creation of "local health departments" which would generally combine the functions of county and city health boards. This department is also given rule and regulation enactment authority. A.R.S. § 36–184(B)(4). It appears that the regulations complained of here were enacted by such a department under the authority of A.R.S. § 36–184(B)(4).

From this legislative scheme it is apparent that any authority given by the legislature to the state board of health to regulate specific activity or to attain specific objectives is likewise possessed by local departments of health. State v. Phelps, 12 Ariz.App. 83, 467 P.2d 923 (1970).

■ We must therefore determine whether the authority delegated to the Maricopa County Health Department to "prescribe reasonably necessary measures for . . . controlling communicable diseases . . . ." and "to control animal diseases transmittible to man" is unconstitutionally broad. In our opinion this case is controlled by the case of State v. Wacker, 86 Ariz. 247, 344 P.2d 1004 (1959) and State v. Arizona Mines Supply Co., 107 Ariz. 199, 484 P.2d 619 (1971). In *Wacker*, the court was concerned with whether a statute granting authority to the Commission of Agriculture and Horticulture to "[m]ake . . . regulations . . . necessary to . . . prevent introduction of a crop pest or disease into the state, and to prevent propagation or dissemination of a crop pest or disease from one locality to another within this state, and to control, eradicate or to suppress a crop pest or disease" was an unconstitutional delegation of legislative authority to an administrative body without proper standards. In upholding the delegation of legislative authority on the grounds that sufficient standards were present, the Court stated:

> "Here . . . subsection 2, A.R.S. § 3–103, *supra*, requires that the rules and regulations must be such as are *necessary* to prevent the introduction of a crop pest or disease in the state and to prevent propogation or dissemination from one locality to another. The governing standard established by the legislature is that of necessity." (Emphasis in original.)

Likewise, the Arizona Supreme Court in State v. Arizona Mines Supply Co., *supra*, upheld a legislative delegation of authority to an administrative agency where the only standard to be applied was that the regulations be "necessary and feasible" to the stated purpose. The *Arizona Mines Supply Co.* case went on to hold:

> "Delegation of 'quasi-legislative' powers to administrative agencies, authorizing them to make rules and regulations, within proper standards fixed by the legislature, are normally sustained as valid, and, barring a total abdication of their legislative powers, there is no real constitutional prohibition against the delega-

tion of a large measure of authority to an administrative agency for the administration of a statute enacted pursuant to a state's police power."

Applying these tests to the delegation of authority to the state board of health and to the Maricopa County Health Department, to enact " . . . regulations . . . reasonably necessary . . . to control animal diseases transmittible to man," we have no hesitation in holding that, in the first instance, the Maricopa County Health Department had authority to regulate the keeping of pigstys. Such regulations are, in our opinion "necessary" to control communicable diseases from animals to man.. In this regard, such regulations, on their face are distinguishable from those struck down in State v. Marana Plantations, 75 Ariz. 111, 252 P.2d 87 (1953) for the reasons set forth in State v. Wacker, *supra*.

Defendant appears to be also arguing that given the validity of the delegation of authority to make regulations dealing with pigstys, prohibiting the keeping of pigstys within 300 feet of inhabited dwellings is unreasonable and has no relationship to controlling communicable diseases. Defendant, however, presented no evidence as to the reasonableness or rationale of this prohibition. In the absence of evidence to the contrary, we hold that where the regulation on its face bears a rational relationship to the alleviation of the conditions which it seeks to regulate and the regulation is within statutory bounds, the regulation may be deemed valid. *See*, California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). Here we are convinced that the maintaining of pigstys with their attendant possibility of unsanitary conditions provides a rational basis for keeping them segregated from close proximity to human habitations. Whether the permitted proximity should be 300 feet or 1,000 feet, in absence of evidence either way, we leave to the determination of the body which is empowered to make that decision.

Defendant has also questioned the validity of his sentence in this matter as being beyond the jurisdiction of the court to impose. This matter, strictly speaking, is probably beyond our scope of review under A.R.S. § 22–375 by appeal. However, if the trial court imposed a sentence which it had no jurisdiction to do, the matter could properly be reviewed by some appellate court by way of special action. In the interest of judicial economy, we will dispose of this matter here.

The sentence of the trial court was that the defendant be enjoined from maintaining his pigstys in violation of the health regulation. Keeping in mind that the defendant was charged with a criminal violation of the applicable regulation, A.R.S. § 36–191 provides:

"A person violating any provision of this article or the rules and regulations adopted thereunder is guilty of a misdemeanor punishable by a fine of not less than twenty-five nor more than two hundred dollars, by imprisonment for not more than thirty days, or both."

It is clear that the Health Department may seek to have a health nuisance enjoined by proceeding civilly for such relief. A.R.S. § 36–602. However, when it proceeds criminally against an alleged violator, it is limited in relief against that violator to that which is imposed by statute— in this case, A.R.S. § 36–191.

We therefore hold that the sentence imposed in this matter was beyond the jurisdiction of the trial court to impose, not being provided by A.R.S. § 36–191.

For the foregoing reasons, the judgment of conviction is affirmed, the sentence imposed is set aside and the matter remanded for further sentencing pursuant to A.R.S. § 36–191.

HAIRE, P. J., and EUBANK, J., concur.