750 P.2d 1364

MARICOPA COUNTY HEALTH DE-PARTMENT, Maricopa County Division of Public Health and Michael A. Nolin, Acting Director of Public Health, and Janine Roumain, M.D., MPH, Acting Public Health Officer, Petitioners-Appellees,

v.

Richard HARMON and Jane Doe Harmon, parents of Jade Harmon, their child, a minor; John Doe Barney and Jane Doe Barney, parents of David Barney, Melissa Barney and Jennifer Barney, their children, all minors; Leo C. Rogers and Jane Doe Rogers, parents of Ryan Rogers, their child, a minor; Jay Clint Coleman and Jane Doe Coleman, parents of Katie Coleman, Matthew Coleman and Daniel Coleman, their children, all minors; John Doe Leonard and Jane Doe Leonard, parents of Cammie Leonard, their child, a minor; and Roger Johnston and Jane Doe Johnston, parents of Jeremy Johnston, Suzette Johnston and Ryan Johnston, their children, all minors, Respondents-Appellants.

No. 1 CA–CIV 9050.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 8, 1987.

Reconsideration Denied Dec. 2, 1987.

Review Denied March 22, 1988.

Thomas E. Collins, Maricopa Co. Atty. by Gordon J. Goodnow, Jr., Deputy Co. Atty., Phoenix, for petitioners-appellees.

MacPherson & McCarville by Donald W. MacPherson, Lawrence N. Bazrod, Phoenix, for respondents-appellants.

## OPINION

GRANT, Judge.

Appellants represent a group of children who attended Franklin Elementary School during the 1985–86 school year and their parents. In this appeal they challenge a formal order denying their Rule 59, Rules of Civil Procedure, motion for reconsideration of an earlier order granting the request of the appellee Maricopa County Health Department for an injunction excluding the appellant children from school until March 18, 1986 unless they sooner provided proof of immunization against measles. Appellants' notice of appeal did not designate the injunction itself, and accordingly its correctness is before us only to the extent necessary to resolve the issues properly raised in appellants' motion for reconsideration. *See* Rule 8(c), Arizona Rules of Civil Appellate Procedure; *Hanania v. City of Tucson*, 123 Ariz. 37, 597 P.2d 190 (App.1979). We have jurisdiction pursuant to A.R.S. § 12–2101(F)(1).

Appellants urge our consideration of the following issues: (1) whether the Health Department had legal authority to order pupils not immunized against measles to be excluded from Franklin Elementary School absent a confirmed case of measles at that school; (2) whether the evidence presented at the hearing on the Department's complaint for injunctive relief was sufficient to establish that a confirmed case of measles had occurred at Franklin Elementary School; (3) whether excluding the appellant children from Franklin Elementary School without proof of a confirmed case of measles at that school violated their fundamental right to education; and (4) whether excluding the appellant children from Franklin Elementary School without proof of a confirmed case of measles at that school violated appellants' constitutional rights of privacy and free exercise of religion.

Viewed in the light most favorable to upholding the trial court's order, the pertinent facts are as follows. Measles (rubeola) is a highly contagious viral disease. Its incubation period is ten to fourteen days. An infected person becomes contagious shortly before he or she begins to exhibit

measles symptoms, which include rash, fever, coughing, spots in the mouth, and watery eyes. Once a given case of measles becomes contagious, it remains so for up to two weeks. The complications of measles may include pneumonia, ear infections and, in one case out of 1,000, encephalitis. Complications occur more frequently in younger children and older persons. Confirmation of a measles infection through blood work takes approximately two weeks, depending on the speed of laboratory results.

The general population is now largely immunized, with a few people still susceptible. The normal annual incidence of measles cases in Maricopa County is zero to two. Because an effective vaccine has been available for close to thirty years, a single case of measles is considered an outbreak, and any number over two within the county is considered to be an epidemic.

Measles is almost entirely preventable. Vaccination against measles is safe. Failure to achieve immunity through vaccination occurs three to five percent of the time. Those who have no immunity to measles, either through vaccination or having had the disease, are extraordinarily susceptible to it. Almost 100% of such persons develop measles when they are exposed to it. In contrast, those who have been immunized or have natural immunity after illness almost never contract measles after being exposed to it.

Around February 8, 1986, the Health Department was notified of three measles cases in south Phoenix among day-care children under three years of age. The Department notified medical clinics, emergency rooms and private physicians' offices to be on the lookout for measles cases. By February 12, 1986, the Department had been notified of seven measles cases, one of which was a child in day care. On February 12, 1986, the Maricopa County Board of Health promulgated an emergency rule permitting the Department to exclude unimmunized children from select day-care centers as measles cases were reported. By February 19, 1986 the Department had received reports of 27 measles cases in seven different schools in five different districts. The Department wrote to all public schools and school districts asking for lists of susceptible pupils and requesting reports of all suspected measles cases and rash illnesses. At an emergency meeting on February 21, 1986 the Board of Health adopted an emergency rule excluding all unimmunized pupils from school for two weeks from the last day of attendance of a reported case in the same district. The rule also included all pupils with medical, religious or personal exemptions from measles immunization. The district-wide rule was to become effective February 25, 1986.

On Friday, February 21, 1986 the Department received a report of a measles case at Franklin Elementary School. That same day, all parents of susceptible children attending Franklin were notified that their children were excluded from attendance effective Monday, February 24, 1986.

By February 24, 1986 there were close to fifty measles cases across Maricopa County, many of which had occurred in schools. The Department ultimately adopted a county-wide measure excluding unimmunized students from school for a two-week period. As of March 6, 1986, the date of the hearing on the Department's request for injunctive relief, there were sixty-three cases of measles in Maricopa County, and 158 out of 51,000 children in the Mesa Public School District were excluded from school.

On February 2, 1986 the Department received a list identifying 14 unimmunized students who were still attending Franklin Elementary School. That number rose to 23 on February 25, 1986. Apparently, a growing number of identified students were ignoring the order.

On February 26, 1986 appellees filed their complaint in the instant action seeking a temporary restraining order and preliminary injunctive relief. The trial court signed a temporary restraining order which prohibited the appellant children from attending class or going onto the grounds of Franklin Elementary School for two weeks from February 25, 1986. After an evidentiary hearing on March 6, 1986, the trial

court entered a formal judgment and order which provided in pertinent part as follows:

[T]he respondent children named above are prohibited from attending class or going onto the grounds of Franklin Elementary School, in Mesa, Arizona until March 18, 1986; unless they receive proper immunization.

IT IS FURTHER ORDERED that, in the event of any new reported case in the school district in which Franklin Elementary School is located (i.e. Mesa School District) during the two-week period between March 5 and March 18, 1986, the respondent children shall be further excluded for two weeks after the report of any new measles cases; unless they receive proper immunization.

Appellants moved for reconsideration pursuant to Rule 59, Arizona Rules of Civil Procedure. This appeal followed the trial court's order denying that motion.

■ We note preliminarily that because the injunction to which appellants' Rule 59 motion for reconsideration was directed has long since expired, the question arises whether this court should decline to address the issues raised on this appeal on the ground that they are moot. In *Fraternal Order of Police v. Phoenix Employee Relations Bd.*, 133 Ariz. 126, 650 P.2d 428 (1982) our supreme court stated:

Unlike the federal court system, the powers of which are limited by U.S. Const. Art. III, § 2, cl. 1, our state court system has no constitutional provision constraining it to consider only "cases" or "controversies." Nevertheless, since the first time we considered the issue, our Court has consistently held that it will refrain from considering moot or abstract questions. We will make an exception, however, to consider a question of great public importance or one which is likely to recur even though the question is presented in a moot case.

133 Ariz. at 127, 650 P.2d at 429. *Accord KPNX Broadcasting Co. v. Superior Court*, 139 Ariz. 246, 250, 678 P.2d 431, 435 (1984) ("It is firmly established that jurisdiction is not necessarily defeated simply because the order has expired, if the under-

lying dispute between the parties is one 'capable of repetition, yet evading review.' "). *Arizona Downs v. Turf Paradise, Inc.*, 140 Ariz. 438, 682 P.2d 443 (App. 1984). Because of the relatively short duration of measles contagion, we conclude that the issues in the instant case are likewise "capable of repetition, yet evading review." We accordingly address the merits.

We first examine appellants' contention that under Arizona law a local health department lacks authority to exclude non-immune pupils from school absent evidence of at least one confirmed case of measles in the same school, and that the injunction entered against them was not supported by legally sufficient evidence. Appellants note that under A.R.S. § 36–184(B)(3), local health departments may make rules and regulations for the protection and preservation of public health, but may not adopt any rule or regulation inconsistent with the rules and regulations of the Arizona Department of Health Services (DHS). Appellants further note that DHS rule A.C.R.R. R9–6–116(G) provides:

Any child who has not received a vaccine or other immunizing agent against diphtheria, poliomyelitis, rubeola (measles), or rubella (German measles) or who does not have serologic confirmation of past infection with such disease shall not be permitted to attend school during an outbreak of such disease in that school for the duration of the period of risk, as determined by the county health officer.

Appellants argue that this rule evidences a state policy requiring an outbreak of the disease in question in the particular school from which the unimmunized child or children are sought to be excluded. Appellants conclude that because the Maricopa County Health Department's emergency rule in this case excluded unimmunized children from attending school anywhere in a district in which an outbreak of disease had occurred, it was inconsistent with R9–6–116(G), and therefore invalid. Appellants further assert that the Department introduced no evidence in the trial court that there had been an "outbreak" of measles in Franklin Elementary School, and

argue there was no legal basis for injunctive relief.

■ Appellants' reasoning is defective for several reasons. First, it ignores a significant part of the regulatory, statutory and decisional law concerning the powers of local health departments. In *Black Cloud Building Corp. v. Maricopa County,* 149 Ariz. 55, 716 P.2d 424 (App.1985), we recently noted that under Arizona's statutory scheme, where the Arizona DHS has statutory authority to regulate a specific activity or attain specific objectives, local health departments possess that authority to the same extent. *Accord State v. Kelsall,* 22 Ariz.App. 97, 523 P.2d 1334 (1974). Under A.R.S. § 36–136(G)(1), the director of the DHS is empowered to promulgate regulations that "[d]efine and prescribe reasonably necessary measures for detecting, reporting, preventing and controlling communicable and preventable diseases." Given local health departments' regulatory power under A.R.S. § 36–184(B)(3) and *Black Cloud,* it is clear that local health departments have independent authority coextensive with that of the DHS to adopt reasonably necessary measures to prevent and control communicable diseases. *See also* A.C.R.R. R9–6–113(5) (authorizing local health officials to institute any reasonable communicable disease control measures "in addition to those in the regulations of the Department of Health Services ..."). In our opinion the Maricopa County Health Department's temporary district-wide exclusion order of February 21, 1986 was well within its authority. It constituted a specific measure "reasonably necessary" to achieve a specific legitimate result. *Black Cloud,* 149 Ariz. at 57, 716 P.2d at 426; *State v. Kelsall,* 22 Ariz.App. at 99–101, 523 P.2d at 1336–38.

■ Central to appellants' position on appeal is their argument that the Department's district-wide and later county-wide exclusion orders were "inconsistent" with

DHS rule R9–6–116(G). *Ante* page 164, 750 P.2d at 1367. Appellants argue:

> This state regulation mandates a school by school exclusion of students and does not allow for a county-wide exclusion as occurred in the instant case. Any local rule instituting such county-wide exclusion, unless measles were present in every school of that county, would be inconsistent with the state regulation and therefore, invalid.

This reasoning fails in the face of A.R.S. § 36–136(H), the existence of which appellants ignore despite the Department's reference thereto. At all times material to this litigation A.R.S. § 36–136(H) provided:

> The provisions of regulations adopted under the authority conferred by this section shall be observed throughout the state and shall be enforced by each local board of health, but nothing herein shall be deemed to limit the right of any local board of health or county board of supervisors to adopt such ordinances, rules and regulations as authorized by law within its jurisdiction, provided that such ordinances, rules and regulations do not conflict with the state law *and are equal to or more restrictive than the provisions of the regulations of the director.*

(Emphasis added.) [1] It is obvious from this specific statutory provision that a local health department rule or order which is more restrictive than an analogous or corresponding rule of the DHS, as is precisely the case with the exclusion orders appellants challenge here, cannot be viewed as invalid under A.R.S. § 36–184(B)(3) as "inconsistent" with the DHS rule.

■ Appellants' attack on the Department's exclusion orders fails even if state rule R9–6–116(G) is assumed to be their only legal underpinning. For ease of reference we restate that rule as follows:

> Any child who has not received a vaccine or other immunizing agent against diphtheria, poliomyelitis, rubeola (measles), or rubella (German measles) or who does

---

1. A.R.S. § 36–136 has since been amended. See Laws 1986, ch. 8, § 3, effective Aug. 13, 1986; Laws 1986, ch. 232, § 72, effective Jan. 1, 1987; Laws 1986, ch. 368, § 17, effective July 1, 1987;

*see also* A.R.S. § 36–136.03, added by Laws 1986, ch. 8, § 4, establishing a communicable disease advisory council.

not have serologic confirmation of past infection with such disease shall not be permitted to attend school during an outbreak of such disease in that school for the duration of the period of risk, as determined by the county health officer.

Appellants repeatedly urge the proposition that an "outbreak" cannot be deemed to have occurred in a given school unless and until appropriate blood tests. have confirmed the presence of at least one case of measles in that school. However, they cite no authority for that proposition and we reject it. A fundamental objective of the DHS and local health departments is to prevent and control the spread of communicable diseases. As shown by the evidence established in this case without contradiction, measles has a ten- to fourteen-day incubation period and becomes contagious before any physical symptoms of the disease manifest themselves. The evidence also established that the blood tests necessary to confirm the presence of measles, the need for which would not become apparent until measles symptoms were present, may take up to two weeks to yield results. Interpreting R9–6–116(G) to empower local health departments to exclude unimmunized children from school only upon receipt of blood test confirmation of a measles outbreak would accordingly disable them from taking timely and effective steps against the spread of measles in school populations. We do not wonder at the absence of authority for appellants' argument.[2]

In this case the Maricopa County Health Department received a report of a "probable" but unconfirmed measles case at Franklin Elementary School. In our opinion, given the characteristics of measles, this was sufficient to authorize the Department's actions with respect to the appellant children, even assuming R9–6–116(G) was the only applicable legal authority therefor.

Appellants next argue that exclusion of unimmunized pupils from school absent at least one confirmed case of measles in that school constitutes an illegal infringement on their fundamental right to a public education under the Arizona constitution. See Ariz. Const. art. XI §§ 1 and 6; Shofstall v. Hollins, 110 Ariz. 88, 515 P.2d 590 (1973). Appellants argue:

In the instant case, because there were no confirmed cases of measles in the Franklin School, CHILDREN's fundamental rights to education should prevail against DEPARTMENT's interest in protecting against the spread of contagious diseases, at least until an actual outbreak of the disease occurs.

*   *   *   *   *   *

The policy of this state, as evidenced by the statutes discussed above, has been to balance the individual's right to education against the state's need to protect against the spread of infectious and contagious diseases. The state's interest does not become compelling *until* there are confirmed cases of measles. As there were no confirmed cases of measles in the Franklin School, the state's actions are unreasonable.

We cannot agree. Appellants cite no authority for the proposition that there is no compelling state interest in taking limited and temporary steps to combat a reasonably perceived risk of the spread of measles absent a serologically confirmed case, and our research has revealed none. Contrary to appellants' assertion, *Jacobson v. Massachusetts*, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643 (1905), does not stand for the proposition that a state may not infringe individuals' fundamental rights to any degree through health regulations unless epidemic conditions exist. Neither does *Brown v. City School Dist.*, 104 Misc.2d 796, 429 N.Y.S.2d 355 (1980), *aff'd mem.*, 83 App.Div.2d 755, 444 N.Y.S.2d 878 (1981),

2. Neither Op.Atty.Gen. 79–254 nor Op.Atty.Gen. 80–131 provide any support for appellants' position. 79–254 opined only that school districts had no power under A.R.S. § 15–342 to exclude children whose parents had failed to supply required immunization records. 80–131 similarly opined that school districts had no statutory authority to refuse to enroll children under those circumstances. 80–131 noted in addition that if attendance by unimmunized children posed a risk of spreading contagious disease, the Department of Health Services and local boards of health had authority to exclude such children from school.

a trial court opinion on which appellants rely. That case concerned the applicability of a statutory religion-based exemption from polio immunization requirements. The court's opinion observed that the constitutionality of legislation requiring vaccination without religious exemption was undisputed.

Appellants finally argue that the Department's exclusion orders in this case violated their fundamental constitutional right to privacy and their first amendment right to free exercise of religion. We note that unlike the situation with appellants' contention concerning the appellant children's state constitutional right to a public education, appellants offered no evidence or argument in the trial court pertaining to their free exercise and privacy arguments until they filed their Rule 59 motion for reconsideration. Rule 59, Arizona Rules of Civil Procedure, does not provide for the granting of a new trial based upon a newly devised defense, *Cecil Lawter Real Estate School, Inc. v. Town & Country Shopping Center Co.*, 143 Ariz. 527, 694 P.2d 815 (App.1984), and a trial court may not consider any alleged error as grounds for granting a new trial where no objection thereto was made on the record. *Helena Chemical Co. v. Coury Bros. Ranches*, 126 Ariz. 448, 616 P.2d 908 (App.1980). We also note that in their motion for reconsideration appellants devoted only two conclusory sentences to their religion and right of privacy contentions, reserving the remaining half-page of their constitutional discussion to an equal protection claim which they have not raised on appeal. Under those circumstances we conclude that appellants have failed adequately to preserve their religion and privacy arguments for consideration on appeal. We note, however, that none of the decisions of which we are aware support appellants' assertions. The reported cases are to the contrary. *See Prince v. Massachusetts*, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944) (no constitutional right to religious exemption from compulsory vaccination); *Zucht v. King*, 260 U.S. 174, 43 S.Ct. 24, 67 L.Ed. 194 (1922) (municipality may vest in its officials broad discretion in matters affect-

ing the application and enforcement of a health law); *Jacobson v. Massachusetts*, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643 (1905) (compulsory vaccination not beyond police power absent arbitrariness or extreme injustice under particular facts); *Davis v. State*, 294 Md. 370, 451 A.2d 107 (Ct.App.1982) (compulsory immunization for school-aged children need not be triggered by existence of an epidemic); *Wright v. DeWitt School District*, 238 Ark. 906, 385 S.W.2d 644 (1965) (grave, immediate or present health danger need not exist for interest in compulsory vaccination to outweigh religious liberties); *State ex rel. Holcomb v. Armstrong*, 39 Wash.2d 860, 239 P.2d 545 (1952) (chest x-ray requirement as condition for university registration upheld as against religious challenge).

Affirmed.

CONTRERAS and FIDEL, JJ., concur.