538 P.2d 403

Harry E. **WILKERSON** and Malinda Wilkerson, husband and wife, Petitioners,

v.

Honorable Jack G. **MARKS**, Judge of the Superior Court, Pima County, Arizona, a body politic and corporate, Glenn Knutson, as Chief Zoning Inspector, Pima County, Arizona, Respondents.

No. 2 CA–CIV 1919.

Court of Appeals of Arizona, Division 2.

July 23, 1975.

Rehearing Denied Aug. 13, 1975.

Review Denied Oct. 9, 1975.

S. Leonard Scheff, Tucson, for petitioners.

Dennis DeConcini, Pima County Atty., by Howard Watt, Deputy County Atty., Tucson, for respondents.

Robertson, Molloy, Fickett & Jones, P. C., by Russell E. Jones, Bilby, Thompson, Shoenhair & Warnock, P.C., by Clague A. Van Slyke, Lesher, Kimble, Rucker & Lindamood, P.C., by Robert O. Lesher, Evo DeConcini, Tucson, for amici curiae Southern Ariz. Home Builders Ass'n, Tucson Bd. of Realtors, Marved Const., Roy Drachman Realty Co., Solot Co., Sullivan and Associates, Lew McGinnis, Herder Const. Co., Donald M. Millstone and John Badger Realty.

OPINION

HOWARD, Chief Judge.

Were petitioners improperly denied a building permit for the reason that their property consisted of approximately one-third of a lot in a platted subdivision and such lot had not been resubdivided in accordance with Section 3301 of the Pima County Zoning Plan? That is the sole question presented here. The respondent court, in special action proceedings, upheld the denial of a building permit and petitioners seek relief in this court by way of special action.[1] Since the denial of the building permit has already caused petitioners to lose a mortgage commitment and since a gas permit from Tucson Gas & Electric Company will lapse if the home they plan to build is not completed by December 31, 1975, the remedy by appeal is inadequate. We are of the opinion that expeditious appellate review is necessary and therefore assume jurisdiction.[2]

The following facts, as expressly found by the respondent court, are not in dispute. Petitioners, during December 1973, bought approximately 4.1 acres, located in the northeast part of Lot 380 of Oracle Foothills Estates No. 7, a resubdivision of the resubdivision of Oracle Foothills Estate No. 2. Their application for a building permit was denied by the respondent zoning inspector. He stated as the reason for the denial that "Section 3301 requires the following that Recorded lot cannot be split without resubdividing." The Wilkersons' application to the Pima County Board of Adjustment was denied, the reason being given that "Section 3301 of the Zoning Ordinance requires that a lot in a recorded subdivision cannot be split without resubdividing." Oracle Foothills Estates No. 7 contains approximately 150 gross acres consisting of 83 lots and lot 380 thereof contains approximately 20 acres. That part of Oracle Foothills Estates No. 7 which includes lot 380 was originally subdivided in 1949, resubdivided in 1957 and again resubdivided in 1964 at which time lot 380, as it now exists, was platted, approved as required by law and the plat was duly recorded in the County Recorder's of-

1. A timely notice of appeal from the judgment below was also filed.

2. At oral argument, counsel agreed that their memoranda adequately briefed the legal question and therefore additional briefs would serve no useful purpose.

fice. Since 1964, lot 380 had not been re-subdivided and petitioners, by their application for a building permit, intend to erect buildings of approximately 2,594 square feet in the northwesterly part of the 4.1 acres purchased by them.

From these facts, the court concluded: "That Lot 380 of Oracle Foothills Estates No. 7, consisting of 20 acres, more or less, is required to be resubdivided by the County Zoning Ordinance, as passed and adopted by the Board of Supervisors of Pima County, Arizona, on August 6, 1952, and as subsequently amended and reprinted during August 1974, before the defendant Glenn Knutson, as Chief Zoning Inspector of Pima County, Arizona, is authorized to issue a building permit pursuant to Section 3301 of the County Zoning Ordinance because Lot 380 is a part of the entire Oracle Foothills Estates No. 7 subdivision and there are 83 lots or parcels within said subdivision and splitting lots within a subdivision, whether or not previously resubdivided, requires subdividing."

Statutory subdivision controls appear in Articles 1 and 4 of the Real Estate Code (Chapter 20, Title 32, A.R.S.). The definition of a subdivision is found in A.R.S. § 32–2101 (30), as amended:

" 'Subdivision' or 'subdivided lands' means improved or unimproved land or lands divided or proposed to be divided for the purpose of sale, lease, or for cemetery purposes, whether immediate or future, into four or more lots, parcels or fractional interests. This paragraph shall not apply to the division or proposed division of land located in the state of Arizona into lots or parcels each of which is, or will be, thirty-six acres or more in area including to the center

line of dedicated roads or easements, if any, contiguous to the lot or parcel."[3]

Section 3301 of the Pima County Zoning Ordinance defines "subdivision" in similar language:

" 'Subdivision' shall mean the division of a parcel of land into 4 or more lots or parcels for the purpose of transfer of ownership or development . . . The term includes resubdivision, and, when appropriate to the context, shall relate to the process of subdividing or to the land subdivided."

Thus we see that the latter definition of "subdivision" is in conformity with state law. Neither definition distinguishes between a parcel of land which is part of an existing subdivision and one which is not.

The position of Pima County, however, is that when a lot is part of a recorded subdivision, division of such lot into two or more lots requires compliance with the regulations governing subdivisions. We do not agree.

The plain meaning of the legislative language is that a division into four or more lots or parcels requires formal replatting and subdivision approval.

The evidence presented below was that lot 380 had been divided into three lots by the Wilkersons' grantor. Also, that their lot did not violate Sec. 2408 of the Pima County Zoning Ordinance which prohibits the reduction of the size of a lot below the minimum required by the ordinance.

We hold that the splitting of lot 380 did not require replatting and subdivision approval[4] since the division resulted only in three lots. See *Scheer v. Weis*, 13 Wis.2d 408, 108 N.W.2d 523 (1961). The only reason for denial of a building permit to the Wilkersons was non-compliance with

---

3. Prior to August 13, 1972, the statutory subdivision definition referred to division into five or more lots or parcels.

4. The record reflects that Pima County is utilizing a practice of requiring subdivision developers to provide a declaration of restrictions as to splitting of a subdivision lot. We

do not pass upon the validity of imposing such a condition for approval of a tentative plat as Sec. 3351 of the Zoning Plan would seem to authorize. However, assuming arguendo its validity, the County's concern for adequate streets and other facilities would thereby be safeguarded.

the subdivision process. Since this reason was erroneous, the respondent court should have granted relief.

The judgment is reversed with directions to enter judgment in favor of petitioners, requiring the respondent zoning inspector to issue a building permit to them.

KRUCKER and HATHAWAY, JJ., concur.