548 P.2d 416

**TRANSAMERICA TITLE INSURANCE COMPANY, an Arizona Corporation, as Trustee under Trust No. 6548, and Horizon Corporation, a Delaware Corporation, Appellants,**

v.

**COCHISE COUNTY, a Body Politic, Cochise County, Board of Supervisors, and Richard J. Riley, as County Attorney of Cochise County, Appellees.**

**No. 2 CA–CIV 2064.**

Court of Appeals of Arizona, Division 2.

April 9, 1976.

As Amended April 16, 1976.

Rehearing Denied May 4, 1976.

Review Denied June 8, 1976.

## OPINION

KRUCKER, Judge.

In the trial court, Transamerica Title Insurance Co. and the Horizon Corporation sued for declaratory and injunctive relief to prohibit Cochise County from regulating the division of land into parcels of 36 acres or larger. The trial judge held that the county had the power to impose legislative controls on those activities and rendered judgment for the county. Transamerica Title and the Horizon Corporation now appeal.

Before this action was commenced, appellants had for some time owned and sold land in Cochise County in parcels of 36 acres or larger. On December 18, 1974, the Cochise County Board of Supervisors enacted comprehensive subdivision regulations pursuant to A.R.S. § 11–806.01.

Appellants have put forth a multi-pronged attack on § 202(31) of those regulations, focusing on § 202(31)(b). Sec. 202(31) provides:

"(31) *Subdivision* Lands divided or proposed to be divided for the purpose of sale or lease for more than one (1) year whether immediate or future into four or more lots, each of which is less than thirty-six (36) acres in area or into four or more fractional interests. 'Sale' or 'lease' includes every disposition, transfer or offer or attempt to dispose of or transfer land or an interest or estate thereof. 'Fractional interest' means an undivided interest in land, lots or parcels in which, for the purpose of sale or lease, such interest is created and such interest is evidenced by a receipt, certificate, deed or other document conveying such interest. The following acts shall not be deemed a subdivision within the meaning of these Subdivision Regulations and shall be exempt from the provisions of these Subdivision Regulations except as hereinafter provided:

(a) The division of land into two (2) or three (3) lots or parcels each of which is less than thirty-six (36) acres in area provided that such division has first been reviewed and approved by the Subdivision Committee in order to assure that minimum usable lot areas will result, and that necessary access, extension of streets, alleys or easements in a manner consistant [sic] with the intent and spirit of these Subdivision Regulations is made. Said approval to be in written form and signed by the Chairman of the Subdivision Committee;

(b) The division of land into four (4) or more lots or parcels each of which is thirty-six (36) acres or more in area provided that such division has first been reviewed and approved by the Subdivision Committee in order to assure that necessary access, extension of streets, alleys or easements in a manner consistent with the intent and spirit of these Subdivision Regulations is made. Said approval to be in written form and signed by the Chairman of the Subdivision Committee. A record of survey prepared by a registered Land Surveyor or Engineer licensed by the State of Arizona shall be filed with the County Engineer accurately establishing such divisions of land. All such lots or parcels shall be staked by an iron pin ½″ x 15″ within one (1) year from the date of Subdivision Committee approval. Security in the form of a bond shall be posted with the County Engineer in an

amount adequate to stake all lots or parcels;

(c) The division of land for cemetary purposes; and

(d) The sale or exchange of parcels of land to or between adjoining property owners where such sale or exchange does not create additional lots."

The question that is dispositive of this appeal is whether the county may properly regulate the division of land into parcels of 36 acres or more.

■ The law-making powers of counties in Arizona are entirely derivative. *Hart v. Bayless Investment & Trading Co.*, 86 Ariz. 379, 346 P.2d 1101 (1959). The only powers possessed by boards of supervisors are those expressly conferred on them by statute or necessarily implied therefrom. *Maricopa County v. Southern Pacific Co.*, 63 Ariz. 342, 162 P.2d 619 (1945); *Board of Supervisors v. Udall*, 38 Ariz. 497, 1 P.2d 343 (1931); *Ricca v. Bojorquez*, 13 Ariz.App.10, 473 P.2d 812 (1970). As Division One of this court stated in *Maricopa County v. Black*, 19 Ariz.App. 239, 506 P.2d 279 (1973):

"The issue must be approached from the affirmative, that is, what constitutional or statutory authority can the county rely upon to support its questioned conduct?" 19 Ariz.App. at 241, 506 P.2d at 281.

■ As the court noted in *Owens v. Glenarm Land Co., Inc.*, 24 Ariz.App. 430, 539 P.2d 544 (1975), any power a county possesses to approve or disapprove plats of land divided for sale is derived from A. R. S. § 11–806.01, which provides, in pertinent part:

"A. The county board of supervisors shall regulate the subdivision of all lands within its corporate limits, except subdivisions which are regulated by municipalities.

\* \* \* \* \* \*

E. The commission shall recommend to the board and the board shall adopt general rules and regulations of uniform application governing plats and subdivisions of land within its area of jurisdiction. The regulations adopted shall secure and provide for the proper arrangement of streets or other highways in relation to existing or planned streets or highways or to the official map for adequate and convenient open spaces for traffic, utilities, drainage, access of fire fighting apparatus, recreation, light and air. The general rules and regulations may provide for the modification thereof by the commission in planned area development or specific cases where unusual topographical or other exceptional conditions may require such action. The regulations shall include provisions as to the extent to which streets and other highways shall be graded and improved and to which water, sewer, or other utility mains, piping or other facilities shall be installed or provided for on the plat as a condition precedent to the approval of the final plat.

F. Boards of supervisors of counties shall prepare specifications and make orders, inspections, examinations and certificates as may be necessary to protect and complete the provisions and make them effective. The regulations shall require the posting of performance bonds, assurances or such other security as may be appropriate and necessary to assure the installation of required street, sewer, electric and water utilities, drainage, flood control and improvements meeting established minimum standards of design and construction."

\* \* \* \* \* \*

The question of whether this statute authorizes counties to regulate the division of land into parcels of 36 acres or more turns on what the legislature intended the term "subdivision" to mean.

■ Title 11, A.R.S., which deals with the powers of counties, contains no definition of "subdivision." A.R.S. § 32–

2101(30), however, defines the term as follows:

"'Subdivision' or 'subdivided land' means improved or unimproved land or lands divided or proposed to be divided for the purpose of sale, lease, or for cemetary purposes, whether immediate or future, into four or more lots, parcels or fractional interests. This paragraph shall not apply to the division or proposed division of land located in the State of Arizona into lots or parcels each of which is, or will be, thirty-six acres or more in area including to the center line of dedicated roads or easements, if any, contiguous to the lot or parcel . . . ."

Appellants argue that this definition should properly be applied in construing the extent of the county's regulatory powers under A.R.S. § 11–806.01. We agree.

In *Wilkerson v. Marks,* 24 Ariz.App. 316, 538 P.2d 403 (1975), we were presented with the question of whether the Pima County building inspector could properly refuse to issue a building permit [1] to petitioners, who bought one-third of a lot in a previously platted subdivision, on the ground that dividing the lot into three parcels constituted a "subdivision" that would require submission and approval of a new plat. We held that under A.R.S. § 32–2101(30) a "subdivision" was a division of land into *four or more parcels,* and that the county therefore could not have required petitioners' grantor to replat his lot before dividing into *three* parcels.

In *Wilkerson* we were not squarely presented with the question of whether A.R.S. § 32–2101(30) was intended to define "subdivision" for purposes of delineating the regulatory power of the counties over the division of land. We nevertheless assumed that it was, and we now hold that our assumption was correct. In State ex rel. *Larson v. Farley,* 106 Ariz. 119, 471

P.2d 731 (1970), our Supreme Court stated:

"The general rule is that the court may look to prior and contemporaneous statutes in construing the meaning of a statute which is uncertain and on its face susceptible to more than one interpretation. If reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. If the statutes relate to the same subject or have the same general purpose—that is, statutes which are in pari materia—they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law. As they must be construed as one system governed by one spirit and policy, the legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes. This rule of construction applies even where the statutes were enacted at different times, and contain no reference one to the other, and it is immaterial that they are found in different chapters of the revised statutes. In construing the statute, endeavors should be made to trace the history and legislation on the subject in order to ascertain the consistent purpose of the legislation." 106 Ariz. at 122, 471 P.2d at 734.

The purpose of A.R.S. § 11–806.01 is to insure that consumers who purchase lots in residential developments are provided with adequate streets, utilities, drainage, and generally pleasant, healthy and livable surroundings. Art. 4 of Ch. 20, Title 32, A.R.S, to which the definitions in § 32–2101 (contained in Art. 1) expressly apply, also deals with the sale of lots in developed areas. Art. 4 requires subdividers to submit information statements to the Real Estate Commission before offering

1. A.R.S. § 11–808(A) and (B) provide for the enforcement of the county zoning ordinance by the withholding of building permits.

lots for sale. The statements must contain, *inter alia,* information about provisions for sewage disposal, solid waste collection, and utilities. It must also contain assurances for installation of off-site improvements and approval thereof by the political subdivision with authority to do so, e. g., the county. Art. 4 further provides that subdivision plats must first be approved by the county board of supervisors before they are submitted to the Real Estate Commission. A.R.S. § 11–806.01 and § 32–2101(30) were both recently amended. Ch. 151 [1975] Ariz.Sess. Laws. The Amendments, however, have no bearing on the issues presented here and the relevant portions of these statutes were reenacted without significant change.

■ We think it is patent that A.R.S. § 11–806.01 and Articles 1 and 4 of Ch. 20, Title 32, A.R.S., including § 32–2101(30), are *in pari materia* and must therefore be construed together as if they constituted one law. We accordingly conclude that the county is without power to regulate the division of land into parcels of 36 acres or more. *See,* Op.Atty.Gen. 72–18, which arrives at the same conclusion through similar reasoning.

■ Appellees offer several arguments in support of the judgment, none of which has merit. The county first seeks to sustain its regulation on the ground that various sections in Title 11 give it express or implied power to define the meaning of "subdivision". We reject this argument for three reasons. First, none of the sections cited by appellees can reasonably be read to confer such a power. *See,* A.R.S. §§ 11–251, 11–802, 11–806.01(F). Second, to so hold would be to say that the county may decide for itself what activities it may regulate and thereby determine the limits of its own power. Since the county's powers are entirely derivative, however, such a conclusion would be absurd. Third, the county's regulation does not in fact purport to include the dividing of land into parcels of 36 acres or more within the definition of "subdivision." Instead, the regulation defines "subdivision" substantially as § 32–2101(30) defines it, and then goes on to provide that the dividing of land into 36–acre parcels, though not a "subdivision" of land, is nonetheless subject to county control. As we have held it had no power to do so.

■ Appellees further note that Art. 6.-2, Ch. 4, Title 9, A.R.S, which grants municipalities the power to regulate the dividing of land within their corporate limits, has no 36-acre limit in its definition of "subdivision." A.R.S. § 9–463.02(A). Appellees argue that § 9–463.02(A) and § 11–806.01 are *in pari materia* and that the definition of "subdivision" in § 9–463.-02(A) should be applied in this case. We cannot agree. A city is a voluntary organization, whereas a county is merely an arm of the state government. *Associated Dairy Products Co. v. Page,* 68 Ariz. 393, 206 P. 2d 1041 (1949). As appellants point out, to adopt the definition contained in § 9–463.02(A) would be to reject that contained in § 32–2101(30). This would be a mistake, for § 32–2101(30), like § 11–806.-01, deals with the governmental powers of the state; whereas § 9–463.02 deals with those of municipal corporations, which are entirely different kinds of entities. Finally, to hold that the unrestricted definition of "subdivision" in § 9–463.02(A) was applicable to § 11–806.01 would be to hold that the legislature intended the counties to have more extensive regulatory powers over the division and sale of lands than those granted to the state in Art. 4, Ch. 20, Title 32, A.R.S. That surely could not be correct.

■ Appellees lastly urge us to reject the long-standing doctrine that counties can only exercise those powers strictly ceded to them by the legislature. We have no power to do so even if we wished to. Appellees' argument is better addressed to our Supreme Court.

In view of our disposition of this case, we need not consider appellants' other stat-

utory and constitutional attacks on Cochise County subdivision regulations § 202(31)(b).

The judgment is reversed and the cause remanded with directions to enter judgment declaring § 202(31)(b) absolutely void and enjoining Cochise County from regulating the dvision of land into parcels of 36 acres or more.

HOWARD, C. J., and HATHAWAY, J., concur.