606 P.2d 36

**Earl DAVIS, Plaintiff-Appellant,**

v.

**Elizabeth HIDDEN and Mohave County, a body politic, Defendants-Appellees.**

**No. 1 CA–CIV 4365.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 4, 1979.

Leek & Lee by Terrence S. Leek, Stephen M. Lee, Paul Lenkowsky, Bullhead City, for plaintiff-appellant.

David B. Babbitt, Mohave County Atty. by William J. Ekstrom, Jr., Deputy County Atty., Kingman, for defendants-appellees.

John A. Lasota, Jr., former Atty. Gen. by Evelyn R. Epstein, Asst. Atty. Gen., Phoenix, for amicus curiae.

## OPINION

FROEB, Judge.

At issue in this appeal is the authority of a county to deny a residential building permit on the ground that a proposed septic tank would be contrary to state law. We hold that while the county has the statutory authority to require compliance with state health laws as a predicate for the issuance of a building permit, the county in this instance has not exercised this authority by the enactment of an appropriate ordinance.

Earl Davis, appellant, owned a mobile home which was destroyed by fire. He decided to build a new single-family residence on his lot at Bermuda Plantations, a subdivision of land in Mohave County. His proposal for a building permit was denied by the zoning inspector for Mohave County (Elizabeth Hidden) on the basis that the Arizona Department of Health Services had determined that septic tanks in Bermuda Plantations may be polluting the groundwater.

Appellant brought a special action in Mohave County Superior Court to require the issuance of the permit. In denying relief, the court found that "[T]he property in question does not comply with sanitation requirements as found by the Arizona Department of Health Services and as required by the Mohave County Planning and Zoning Regulations."

Appellant contends, on appeal, that no statute authorizes the zoning inspector to refuse to issue the permit based upon sewage disposal deficiencies, and that if a statute authorizes the county to refuse the permit, the Mohave County ordinance (§ 27(B)(1)) by its wording fails to do so.[1] The County argues that there is authority by statute and ordinance for the zoning inspector to refuse the permit. By *amicus curiae* brief filed by the Arizona Attorney General, the Arizona Department of Health

Services argues that A.R.S. § 36–136(H) is additional support for the action taken by the County in denying the permit.

 In resolving this case, it is necessary to review the relevant statutes and ordinance to determine whether there is legal authority assigned to the zoning inspector which justifies refusal of the permit. We do so because the law-making powers of counties are entirely derivative. *Hart v. Bayless Investment & Trading Co.*, 86 Ariz. 379, 346 P.2d 1101 (1959). The only powers possessed by boards of supervisors are those expressly conferred or expressly implied by statute. *Maricopa County v. Southern Pacific Co.*, 63 Ariz. 342, 162 P.2d 619 (1945); *Transamerica Title Insurance Co. v. Cochise County*, 26 Ariz.App. 323, 548 P.2d 416 (1976). "The issue must be approached from the affirmative, that is, what constitutional or statutory authority can the county rely upon to support its questioned conduct?" *Maricopa County v. Black*, 19 Ariz.App. 239, 241, 506 P.2d 279, 281 (1972).

 The board of supervisors of a county may "Adopt provisions necessary to preserve the health of the county . . ." A.R.S. § 11–251(17), and may "Make and enforce all local, police, *sanitary* and other regulations not in conflict with general law." A.R.S. § 11–251(30) (emphasis added). Clearly, under this statute a county may pass and enforce an ordinance to regulate the use of septic tank sanitation. It may do so apart from its statutory authority to establish zoning and building codes and land subdivision rules pursuant to A.R.S. §§ 11–801 through 11–867. On the other hand, the county is given broad direction in the areas of planning and zoning by reason of A.R.S. § 11–802: "[I]n order to conserve and promote the *public health*, safety, convenience and general welfare[2]

---

1. There is no issue raised in the case relating to any legal effect which might attach to appellant's use of a septic tank before the fire and whether that would give him any right thereafter to continue the use.

2. The text of A.R.S. § 11–802 is as follows:
 The board of supervisors of a county, in order to conserve and promote the public

health, safety, convenience and general welfare, and in accordance with the provisions of this chapter, shall plan and provide for the future growth and improvement of its area of jurisdiction, and coordinate all public improvements in accordance therewith, form a planning and zoning commission to consult with and advise it regarding matters of plan-

. . ." (emphasis added). The boards of supervisors are authorized under A.R.S. § 11–802 to adopt and enforce rules, regulations, ordinances, and plans. Under authority of this provision, a county may adopt an ordinance to regulate the use of septic tank sanitation in the context of the planning and zoning of land within its jurisdiction.

The next question is whether a county may require that a regulation relating to septic tank sanitation be complied with prior to the issuance of a building permit. A.R.S. § 11–321(A)[3] provides that the county shall require a building permit for construction of a building or an addition to a building where the cost exceeds $1000. Since a county is authorized to enact a regulation relating to the use of a septic tank, we see no reason why it may not be enforced by refusal to issue a building permit where the ordinance so provides. In fact, in the context of zoning regulations, A.R.S. § 11–808(B)[4] states expressly that the building permit may be withheld for noncompliance.

We turn next to the county ordinance specifically involved in the case before us. Both sides refer us only to a single provision, § 27(B) of the Mohave County planning and zoning regulations, which we are informed reads in part:

Any lot or parcel of land under one ownership and of record and where no contig-uous land is owned or was owned by the same person on the effective date of this ordinance may be used as a building site even when of less area or width than that required by the regulations for the zone in which it is located, *but each building site must meet any requirements for the County Department and ordinances as regards sanitation needs.* (emphasis added)

The County argues that the emphasized language of this provision justifies the refusal of the County to issue the building permit. We disagree. First, the sentence is part of a provision which deals only with building lots which are undersized for the zoning district. We agree with appellant that the rule of statutory construction referred to as *ejusdem generis* applies here. That is, general words which follow the enumeration of particular classes of persons or things should be interpreted as applicable only to persons or things of the same general nature or class. *Yauch v. State,* 109 Ariz. 576, 514 P.2d 709 (1973); *City of Phoenix v. Yates,* 69 Ariz. 68, 208 P.2d 1147 (1949). Applying the rule, the emphasized language does not refer to building lots in general, but to undersized lots. There is no evidence in the record that appellant's lot is in this category. Second, the emphasized language makes reference to "requirements of the county department and ordinances . . . ." Although this language is un-

---

ning, zoning, and subdivision platting and in the manner provided in this chapter, adopt and enforce such rules, regulations, ordinances and plans as may apply to the development of its area of jurisdiction.

3. A.R.S. § 11–321(A) reads as follows:

Except in those cities and towns which have an ordinance relating to the issuance of building permits, the board of supervisors shall require a building permit for any construction of a building or an addition thereto exceeding a cost of one thousand dollars within its jurisdiction. The building permit shall be filed with the board of supervisors or its designated agent.

4. A.R.S. § 11–808(B) states:

From and after the establishment and filling of the position, it shall be unlawful to erect, construct, reconstruct, alter or use any building or other structure within a zoning district covered by the ordinance without first obtaining a building permit from the inspector and for that purpose the applicant shall provide the zoning inspector with a sketch of the proposed construction containing sufficient information for the enforcement of the zoning ordinance. No permit shall be required for repairs or improvements of a value not exceeding five hundred dollars. Reasonable fees may be charged for the issuance of a permit. The inspector shall recognize the limitations placed on his authority by § 11–821, and shall issue the permit when it appears that the proposed erection, construction, reconstruction, alteration or use fully conforms to the zoning ordinance. In any other case he shall withhold the permit.

clear, it would appear to require a county ordinance or regulation relating to sanitation in order for the section to be operative. There is no evidence in the record of such an ordinance or regulation in Mohave County.

As there is no county ordinance or regulation linking septic tank sanitation to the issuance of building permits, we hold that the zoning inspector and thus the board of supervisors were without authority to refuse the issuance of a building permit to appellant upon the proposed use of septic tank sanitation.

■ The Arizona Department of Health Services presents an additional argument in its *amicus curiae* brief to support the County's refusal to issue the permit. It refers us to statutes dealing with the function and duties of the Arizona Department of Health Services, such as A.R.S. § 36–136, which mandates that the director of the Department of Health Services adopt regulations to protect public health A.R.S. § 36–136(G)(9), which specifically requires the adoption of regulations governing construction, installation and operation of septic tanks, and to A.R.S. § 36–136(H),[5] which relates to the role of local boards of health and boards of supervisors in the enforcement of health regulations.

In addition to statutory law, the Department refers us to its Administrative Regulation R9–8–313 prohibiting septic tank systems which may cause pollution of groundwater. The Department states that the Director of the Department of Health Services has determined that installation or operation of septic tank systems in the Bermuda Plantations area between the Colorado River and its levee would violate R9–8–313.[6]

The Department argues that a county has a duty to enforce state health laws under the referred-to statutes and properly did so in this case even in the absence of a county ordinance or regulation. The hinge-pin to the argument is the principle that counties are political subdivisions of the state, created to aid in the administration of state law. *Hunt v. Mohave County*, 18 Ariz. 480, 162 P. 600 (1917).

We are unable to agree with the Department's argument. While A.R.S. § 36–136(H) clearly contemplates enforcement of state health laws by the local (county) board of health, the means of enforcement are nowhere tied into the issuance of a building permit, unless it be by a county ordinance or regulation so stating. In fact, A.R.S. § 36–136(H) specifically contemplates an exercise by the county of its authority to adopt rules and regulations to this end. Without an appropriate ordinance or regulation tying the matter to building permits, the Department of Health and the county are left to court action in order to enforce compliance with the health laws involved. Thus, in this case, the Department's argument fails for the same reason the County's fails: lack of a county ordinance or regulation relating septic tank sanitation to the issuance of building permits.

Finally, in support of its argument, the Department refers us to *Polygon Corp. v. City of Seattle*, 90 Wash.2d 59, 578 P.2d 1309 (1978), in which the denial of a building permit was upheld where the proposed construction did not comply with state environmental laws. The decision is clearly distinguishable from this case in view of the distinct statutory provisions, not present here, which were interpreted by the Washington court.

---

5. A.R.S. § 36–136(H) reads:

The provisions of regulations adopted under the authority conferred by this section shall be observed throughout the state and shall be enforced by each local board of health, but nothing herein shall be deemed to limit the right of any local board of health or county board of supervisors to adopt such ordinances, rules and regulations as authoriz- ed by law within its jurisdiction, provided that such ordinances, rules and regulations do not conflict with the state law and are equal to or more restrictive than the provisions of the regulations of the director.

6. We are told that the validity of the Director's determination was an issue in *Conrad v. Mohave County, et al.*, Mohave County Superior Court No. 129394 (1978).

For the foregoing reasons, we reverse the judgment and remand the case to Mohave County Superior Court for a new judgment consistent with this opinion.

CONTRERAS and SHELLEY, JJ., concur.