801 P.2d 430

Reinhold MARSONER, dba Les Girls; Joseph Hilt, dba I–10 Adult Books; Betty Osco, dba Empress Theater; Daniel Osco, dba The Livingroom Lounge; Daniel Osco, dba Empress II; David Lindsey, dba The Party House; Raymond Mellenberndt, Jr., dba Pleasure World; Mark D. Holguin, dba The Bookstore Southwest; Leonard T. Sojka, dba ABC Stores; Speedway Entertainment, Inc., an Arizona corporation; Albright Investment Corporation, an Arizona corporation; Miracle Mile Movies, Inc., an Arizona corporation; Wal Limited, Inc., an Arizona corporation; and Adult Expectation, Inc., an Arizona corporation, Plaintiffs/Appellees,

v.

PIMA COUNTY, a body politic, Defendant/Appellant.

No. 2 CA–CV 89–0131.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 27, 1990.

Review Granted Nov. 6, 1990.

Michael J. Bloom, Tucson, for plaintiffs, appellees.

Stephen D. Neely, Pima County Atty. by Charles R. Pyle and Martin Willett, Tucson, for defendant, appellant.

FERNANDEZ, Chief Judge.

The only issue involved in this case is whether appellant Pima County, acting through the board of supervisors, has authority under Arizona law to enact an ordinance requiring the licensing of adult amusement establishments. We agree with the trial court's ruling that the board lacks such authority.

The issue presented is a question of law and is thus subject to de novo review by this court. *City of Scottsdale v. Thomas,* 156 Ariz. 551, 753 P.2d 1207 (App.1988).

On January 12, 1988, the Pima County Board of Supervisors enacted Ordinance No. 1988–14, which amended the Pima County Health & Safety Code by adding adult amusement establishments to the list of establishments subject to a comprehensive scheme of regulations. An adult amusement establishment is defined in the ordinance as "a peep show establishment, a bathhouse, or other sexually-oriented establishment." The stated principal purpose for the amendment is to "prevent transmission of human immunodeficiency virus (HIV)...." The ordinance requires business owners to pay a fee to obtain an operating permit from the Pima County

Health Department and to submit to plan reviews and four annual unannounced inspections. The ordinance requires the businesses to comply with various sanitary provisions related to private viewing booths. It also provides that construction or operation of an adult amusement establishment without a permit is a class 2 misdemeanor and that operation of an establishment in violation of the sanitary standards is a class 3 misdemeanor.

Appellees are the owners of 14 business establishments that offer to the public live entertainment or peep show devices from private viewing booths. Appellees filed suit seeking a declaration that the ordinance is invalid. They later moved for summary judgment on the ground that the board of supervisors does not have authority to enact the ordinance. The parties filed a stipulated statement of facts, and appellant filed a cross-motion for summary judgment. The court concluded that the board lacks authority to enact the ordinance.

■■■ The Arizona Constitution grants all legislative authority to the senate and house of representatives and reserves sovereignty to the people under the rights of initiative and referendum and to charter cities created by their residents. Ariz. Const. Art. 4, pt. 1, § 1; Art. 13, § 2; *see also Strode v. Sullivan*, 72 Ariz. 360, 236 P.2d 48 (1951). Counties, on the other hand, are "created by the legislature ... for the purpose of exercising a certain portion of the general powers of the government in specified localities." *Associated Dairy Products Co. v. Page*, 68 Ariz. 393, 396, 206 P.2d 1041, 1043 (1949). County boards of supervisors have only those powers that have been expressly conferred or, by necessary implication, delegated to them by the state legislature. *Davis v. Hidden*, 124 Ariz. 546, 606 P.2d 36 (App.1979). The burden falls upon the county to demonstrate that it has authority to enact specific legislation. *See Maricopa County v. Black*, 19 Ariz.App. 239, 506 P.2d 279 (1973).

■■ Appellant has not pointed to any statute that expressly empowers the board of supervisors to license the types of businesses added by the amendment to the ordinance. A review of A.R.S. §§ 11-251

through 11-268, the statutes that enumerate the powers and duties of boards of supervisors, reveals no statute that expressly authorizes boards to license the businesses involved here.

Appellant argues that the board has authority to enact ordinances related to public health concerns, citing the following subsections of A.R.S. § 11-251, which provides that the board of supervisors may:

> 17. Adopt provisions necessary to preserve the health of the county, and provide for the expenses thereof.
>
>     *      *      *      *      *      *
>
> 30. Do and perform all other acts and things necessary to the full discharge of its duties as the legislative authority of the county government.
>
> 31. Make and enforce all local, police, sanitary and other regulations not in conflict with general law.

None of those sections, however, provides the type of specific authority necessary to support the licensing scheme provided for in the ordinance. *See Maricopa County v. Black, supra; Associated Dairy Products, supra.* In *Associated Dairy Products Co.,* the supreme court held in part that the Cochise County Board of Supervisors had no authority to require permits for the sale of milk and milk products and that there was no express or implied power delegated to it by the legislature that authorized such regulation.

Appellant also asks us to imply that the board had authority to enact the ordinance as a result of the "interplay" between Title 11, the statutes governing counties, and several statutes found in the health and safety code, Title 36. Because A.R.S. § 36-136(H)(1) authorizes the director of the state department of health services to adopt regulations prescribing "reasonably necessary measures for detecting, reporting, preventing and controlling communicable ... diseases," appellant argues that the county board of health has authority to adopt such regulations pursuant to A.R.S. § 36-184(B)(3). *State v. Phelps,* 12 Ariz. App. 83, 467 P.2d 923 (1970). The final step in appellant's analysis is that because the county board of health has authority to adopt regulations and because the board of

health "recommend[ed]" that the board of supervisors adopt the ordinance, the board of supervisors thus had authority to adopt it. In support of that theory, appellant cites the case of *Black Cloud Building Corp. v. Maricopa County,* 149 Ariz. 55, 716 P.2d 424 (App.1985).

Aside from the fact that the legislature has nowhere granted the board of supervisors authority that is co-extensive with that of the county board of health, we find the *Black Cloud* case to be inapposite. That case involved the county health department's authority to regulate and license semi-public swimming pools. The court held that the county health department had such authority because the legislature had expressly authorized the state health department to regulate public and semi-public pools and because the director of the state health department had expressly delegated that authority to the county health department. There is no showing of any express delegation of authority from the state health department to the county health department in this case. Furthermore, the mere fact that the county board of health "recommended" the adoption of the ordinance does not mean the health board adopted the ordinance as a regulation. Nor does that serve to authorize the board of supervisors to enact the ordinance. Moreover, the ordinance provisions themselves belie appellant's interplay theory because the criminal penalties they prescribe in part exceed the authority of the county board of health, which is limited to imposing criminal penalties of class 3 misdemeanors only. A.R.S. § 36–167(C). Indeed, appellant concedes on appeal that the penalty provision imposing a class 2 misdemeanor exceeds the board of health's authority.

We agree that the board of supervisors lacked authority to enact the ordinance.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.