ARIZONA LIBERTARIAN PARTY, INC.; Barry Hess; Peter Schmerl; John Jason Auvenshine; Ed Kahn, Plaintiffs,

v.

BOARD OF SUPERVISORS OF PIMA COUNTY, Arizona; Betsey Bayless, Secretary of State, Defendants.

No. CV–02–144–TUC.

United States District Court, D. Arizona.

Aug. 6, 2002.

David T Hardy, Tucson, AZ, for Arizona Libertarian Party Inc., Barry Hess, Peter Schmerl, John Jason Auvenshine, Ed Kahn.

Paula Nell Wilk, Pima County Attorney's Office, Tucson, AZ, Joseph Andrew Kanefield, Office of the Attorney General, Phoenix, AZ, for Board of Pima County Supervisors, Betsey Bayless.

## ORDER

COLLINS, District Judge.

Pending before the Court are Defendant Pima County Board of Supervisors' ("Board of Supervisors") April 9, 2002 Motion to Dismiss, Plaintiff's April 24, 2002 Motion for Summary Judgment, and Defendant Bayless's June 7, 2002 Cross–Motion for Summary Judgment. The motions are fully briefed and the Court heard oral argument on August 1, 2002. After considering the parties' arguments, the Court will grant Defendant Board of Supervisors' motion to dismiss, grant Plaintiff's motion for summary judgment, and deny Defendant Bayless's cross motion for summary judgment.

*Factual and Procedural Background*

Plaintiffs challenge the constitutionality of Proposition 103 and its implementing legislation, A.R.S. § 16–467. Proposition 103 was passed in 1998 and amended Article VII, Sec. 10 of the Arizona Constitution to require the legislature to enact a direct primary election law allowing voters registered as independent, no party preference, or who are members of a party that does not have continuing ballot status, to vote in the primary of one party with continuing ballot status. The Arizona Legislature subsequently enacted A.R.S. § 16–467 to implement Proposition 103. Plaintiffs claim that the Arizona open primary system violates their First Amendment right to freedom of association and that enforcement of the new legislation is a violation of 42 U.S.C. § 1983. (*See* Pl.'s Compl. at 4–

5.) Plaintiffs also alleged a violation of the Arizona Constitution which has since been withdrawn.. (*See* Pl.'s Reply on Mot. for Summ. J. and Opp'n to Cross–Mot. for Summ. J. at 14.) Defendant Board of Supervisors filed its Motion to Dismiss on April 9, 2002, Plaintiffs filed their Motion for Summary Judgment on April 24, 2002, and Defendant Bayless filed a Cross Motion for Summary Judgment on June 7, 2002.

*Motion to Dismiss*

■ Defendant Pima County contends that it is not a properly named party to Plaintiffs' suit because, while the Board of Supervisors is responsible for implementing election procedures, it did not pass the implementing legislation at issue in this case and has no authority to modify or repeal that legislation. (Mot. to Dismiss at 3.) Plaintiffs claim the Board of Supervisors is a properly named defendant because it is responsible for conducting elections in Pima County and, absent action by this Court, will proceed to carry out the upcoming 2002 primary election. (Pl. Resp. at 2.)

■ In Arizona, the Secretary of State is responsible for implementing and overseeing state elections and primaries. The individual counties possess "only those powers that have been expressly, or by necessary implication, delegated to [them] by the legislature or the constitution." *Maricopa County v. Southern Pac. Co.*, 63 Ariz. 342, 347, 162 P.2d 619 (1945). While counties are responsible for many election related functions, the authority to carry out those functions is delegated by the state. In this case, Plaintiffs raise a facial challenge to the open primary election law in Arizona and are not challenging how that law is applied specifically to the Libertarian Party in Pima County. For this reason, the Pima County Board of Supervisors is not a properly named defendant in this suit. Any change in election laws

occurring as a result of this case will be conferred to Pima County and other Arizona counties by the Secretary of State as part of her duties to administer election laws. The Court will grant Defendant Pima County's motion to dismiss the Pima County Board of Supervisors from this suit.

*Motions for Summary Judgment*

Plaintiffs claim that Proposition 103 and its implementing legislation, A.R.S. § 16–467 violate their First Amendment freedom of association rights by allowing non-party members to vote in their primary election and thus potentially control the party's selection of its political nominees. Further, because Arizona governs its political parties so that parties with continuing ballot status, such as the Libertarians, are required to select their internal party leadership through the primary elections, the Arizona system also allows non-party members to influence selection of the party's internal leadership. Defendants counter that the act of choosing to vote in the primary of one political party constitutes an affiliation of like-minded voters such that the party's associational interests in maintaining its political principles in the selection of its candidates and leaders is not put in jeopardy.

Both parties rely on *California Democratic Party v. Jones*, 530 U.S. 567, 120 S.Ct. 2402, 147 L.Ed.2d 502 (2000), for authority. In that case, the United States Supreme Court invalidated California's blanket primary system which allowed any registered voter to vote in primary elections for any candidate regardless of that candidate's, or the voter's, party affiliation. The Supreme Court held that California's blanket primary system could not be justified by a state's interests in ensuring that disenfranchised persons enjoyed a right to vote in primary elections; a non-member's desire to participate in primary elections

was overborne by the political parties' legitimate associational rights to determine their own membership qualifications. *Id.* at 583–584, 120 S.Ct. 2402. However, the Supreme Court also noted that a blanket primary system may be constitutionally distinct from open primaries where voters are allowed to vote in the primary of their choice but may choose candidates from only one party. *Id.* at 577, n. 8, 120 S.Ct. 2402.

■ In this case, Arizona, like California, has important interests in regulating political parties within the state and in increasing voter participation. This Court recognizes as laudable Arizona's efforts to improve voter participation by including independent and other voters in Arizona's primary elections and also recognizes that, under *Jones,* there may be open primary election systems which do not unconstitutionally impair a political party's freedom of association. However, in this case Arizona's system has failed to achieve the critical balance between the state's interests in regulating elections and its political parties' associational rights because Arizona's primary system allows voters who refuse to formally affiliate with a party through voter registration to choose that party's internal leadership. Contrary to Defendant's assertion, party affiliation through registration is distinct from the more casual association of a non-member voter who chooses to vote in a party's primary on a single occasion. Were affiliation through registration and affiliation through primary voting essentially the same, as contended by the Defendant, the act of voter registration would be meaningless.

Both the majority and dissent in *Jones* identified a party's control of its internal leadership and party functions as the core of a party's freedom of association rights. *See Id.* at 581, 120 S.Ct. 2402, ("We are similarly unconvinced by respondents'

claim that the burden [on associational rights] is not severe because Proposition 198 does not limit the parties from engaging fully in other traditional party behavior, such as ensuring orderly internal party governance"); *Id.* at 595, 120 S.Ct. 2402, Steven, J., *dissenting,* ("A political party, like any other association, may refuse to allow nonmembers to participate in the party's decisions when it is conducting its own affairs."). Here, Arizona's open primary system requires that parties with continuing ballot status select their internal leaders at the primary election, *See* A.R.S. § 16–821, and then, through A.R.S. § 16–467, allows non-members to participate in the election of those parties' leaders. Because Arizona's open primary system fails to protect the associational interests of parties with continuing ballot status by allowing non-members to participate in the selection of parties' internal leadership, Proposition 103 and its implementing legislation, A.R.S. § 16–467, are unconstitutional.

**IT IS THEREFORE ORDERED** as follows:

1) Defendant Board of Supervisors of Pima County's April 9, 2002 Motion to Dismiss [Doc. 5] is **GRANTED** and Defendant Pima County Board of Supervisors is **DISMISSED WITH PREJUDICE;**

2) Defendant Betsey Bayless's June 7, 2002 Cross Motion for Summary Judgment [Doc. 16] is **DENIED;**

3) Plaintiff's April 24, 2002 Motion for Summary Judgment [Doc. 8] is **GRANTED** and the case is **DISMISSED WITH PREJUDICE;** and

4) the Clerk is directed to enter judgment and close this case.