351 F.3d 1277
 ARIZONA LIBERTARIAN PARTY, INC.; Barry Hess; Peter Schmerl; John Jason Auvenshine; Ed Kahn, Plaintiffs-Appellees,
v.
Betsey BAYLESS, Arizona Secretary of State, Defendant-Appellant,
and
Board of Supervisors of Pima County, Arizona, Defendant.
 No. 02-16535.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 2003 — San Francisco, California.
 Filed December 8, 2003.
 
 COPYRIGHT MATERIAL OMITTED Paula Bickett and Joseph A. Kanefield, Assistant Attorneys General of the State of Arizona, Phoenix, Arizona, AZ, for the defendant-appellant.
 David T. Hardy, Tucson, Arizona, AZ, for the plaintiffs-appellees.
 Daniel R. Ortiz, University of Virginia Law School, Charlottesville, Virginia, VA, for amicus curiae The Reform Institute, Inc.
 Appeal from the United States District Court for the District of Arizona; Raner C. Collins, District Judge, Presiding. D.C. No. CV-02-00144-RCC.
 Before: Mary M. SCHROEDER, Chief Judge, Dorothy W. NELSON, and William A. FLETCHER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Arizona Libertarian Party, Inc., and four of its members, challenge Arizona's semiclosed primary system, added to the state constitution by Arizona voters in 1998. Under Arizona's primary system, voters who are unaffiliated, registered as independents, or registered as members of parties that are not on the primary ballot may vote in the party primary of their choice. See Ariz. Const. art. VII, § 10; Ariz.Rev.Stat. §§ 16-467, 16-542. Voters who are registered with a party that is on the ballot may vote only in their party's primary. See Ariz.Rev.Stat. § 16-467. The primary ballot contains the names of candidates for all government officers elected in the general election, as well as party precinct committeemen, who are elected in the primary.
 
 
 2
 The district court held that the primary system violates the plaintiffs' First Amendment right to select their party leaders free from governmental interference because the law allows nonparty members to vote for party precinct committeemen. See Arizona Libertarian Party, Inc. v. Pima County Bd. of Supervisors, 216 F.Supp.2d 1007, 1010 (D.Ariz. 2002). The court summarily held that the entire primary system was unconstitutional without separately considering whether nonmembers' selection of party nominees in the primary election violates the First Amendment. Id. We affirm as to the election of Libertarian Party precinct committeemen. We remand so that the district court may consider separately whether nonmembers' participation in the selection of Libertarian candidates is unconstitutional and, if not, whether the provisions related to the election of Libertarian precinct committeemen are severable.
 
 
 I. STANDING
 
 
 3
 We first address the defendant's argument that the plaintiffs lack standing to bring a claim against the defendant, the Arizona Secretary of State, challenging Arizona's primary system. To have a justiciable claim, the plaintiffs must meet three requirements: (1) they must have suffered an injury-in-fact; (2) the injury must be traceable to the defendant's conduct; and (3) a favorable court decision must be likely to redress the injury. See Rubin v. City of Santa Monica, 308 F.3d 1008, 1019 (9th Cir.2002) (citing Northeastern Fla. Contractors v. Jacksonville, 508 U.S. 656, 663, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993)). The plaintiffs have met these three requirements.
 
 
 4
 We agree with the other circuits to consider standing in the election context that the harm to the Libertarian Party's right to determine for itself with whom it will associate politically is a sufficient injury to confer standing. See Lerman v. Bd. of Elections in New York, 232 F.3d 135, 143 (2d Cir.2000); Krislov v. Rednour, 226 F.3d 851, 858 (7th Cir.2000). It is not necessary for the plaintiffs to show that the primary system affected the outcome of any contested races.
 
 
 5
 The plaintiffs' injury is also traceable to the defendant's conduct, and may be redressed by a favorable court decision, because the Secretary of State has authority over primary elections. The Secretary of State in Arizona is responsible for promulgating rules and procedures for the administration of primary elections, including rules related to the distribution of ballots. See Ariz.Rev.Stat. § 16-452(A). Any person who does not abide by the Secretary of State's rules is subject to criminal penalties. See Ariz.Rev.Stat. § 16-452(C). The defendant relies on Rubin to argue that any injury the plaintiffs have suffered is traceable to the counties, which directly administer primary elections, and not the Secretary of State. See Rubin, 308 F.3d at 1019-20. Unlike the electoral scheme in Rubin, however, the Arizona Secretary of State's promulgated rules are applicable to and mandatory for the statewide primary elections at issue here. We therefore conclude that the plaintiffs have standing in this case.
 
 
 II. SELECTION OF PRECINCT COMMITTEEMEN
 
 
 6
 Our decision on the merits is guided by two Supreme Court decisions involving California election laws. The first relates to the selection of party leaders. See Eu v. San Francisco County Democratic Cent. Comm., 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989). The other relates to the selection of party candidates. See California Democratic Party v. Jones, 530 U.S. 567, 120 S.Ct. 2402, 147 L.Ed.2d 502 (2000); see also Democratic Party of Washington State v. Reed, 343 F.3d 1198 (9th Cir.2003). We apply a balancing test to determine whether an election law violates a political party's associational rights. See Timmons v. Twin Cities Area New Party, 520 U.S. 351, 358, 117 S.Ct. 1364, 137 L.Ed.2d 589 (1997). A state law that imposes a severe burden on those rights must be narrowly tailored and advance a compelling state interest. Id. A law that imposes a lesser burden is subject to a less exacting review, and "important regulatory interests" are sufficient to justify it. Id.
 
 
 7
 The district court correctly held that allowing nonmembers to vote for party precinct committeemen violates the Libertarian Party's associational rights. Precinct committeemen are important party leaders who choose replacement candidates for candidates who die or resign before an election, Ariz.Rev.Stat. § 16-343, and collectively constitute the state party committee, Ariz.Rev.Stat. §§ 16-821, 16-825. In Eu, the Supreme Court held that California's restrictions on how parties should be organized and how they select their leaders unconstitutionally burdened political parties' freedom of association. 489 U.S. at 230-31, 109 S.Ct. 1013 ("Here, party members do not seek to associate with nonparty members, but only with one another in freely choosing their party leaders."). The Court recognized the strength of a party's interest in selecting its own leaders. See id. at 230, 109 S.Ct. 1013. It also noted the important role party leaders play in shaping the party's message. See id. at 231 n. 21, 109 S.Ct. 1013.
 
 
 8
 The Secretary of State has not articulated any state interest to justify allowing nonmembers to vote for Libertarian Party precinct committeemen, and we see none. In the absence of a state interest to justify the burden on the plaintiffs' freedom of association, we agree with the district court that allowing nonmembers to vote for precinct committeemen violates the party's associational rights. See Cool Moose Party v. Rhode Island, 183 F.3d 80, 88 (1st Cir.1999) (declaring prohibitions on opening primaries to nonmembers unconstitutional where the state failed to articulate any justification).
 
 
 9
 Thus, insofar as the district court concluded that the semiclosed primary violated the associational rights of the Libertarians because it allowed nonmembers to vote for precinct committeemen, we agree. The district court, however, went beyond that conclusion in determining that the associational rights of the Republicans and the Democrats, the only other parties with ongoing ballot access, are violated for the same reason. The district court's order should have been limited to the Arizona Libertarian Party because the Democrats and Republicans are not parties to this suit, and because the record with respect to the impact on their associational rights has not been developed. The outcome may well differ for parties that embrace the idea of a semiclosed primary. See United States v. Nat'l Treasury Employees Union, 513 U.S. 454, 477-78, 115 S.Ct. 1003, 130 L.Ed.2d 964 (1995).
 
 
 III. SELECTION OF CANDIDATES
 
 
 10
 The district court also erred in failing to consider separately whether the participation of nonmembers in the selection of candidates is constitutional under California Democratic Party v. Jones. See 530 U.S. 567, 120 S.Ct. 2402, 147 L.Ed.2d 502. Although forcing the Libertarians to open their primary to nonmembers for the selection of party candidates raises serious constitutional concerns, we conclude that the resolution of the constitutional issue turns on factual questions not decided by the district court. We therefore remand so that the district court may consider the severity of the burden this aspect of the primary system imposes on the Libertarian Party's associational rights, whether the state has sufficiently justified that burden, and if so, whether the selection of precinct committeemen is severable from the remainder of this semiclosed primary system.
 
 
 11
 These factual issues must be reviewed in light of the Court's opinion in Jones. The Supreme Court there held that California's blanket primary system imposed a severe burden on a party's right to decide for itself who it will, and will not, associate with for the purposes of selecting a candidate. Jones, 530 U.S. at 582, 120 S.Ct. 2402; see also Reed, 343 F.3d at 1204-05. Under a blanket primary system, all voters are able to vote for any candidate, regardless of party affiliation. Jones, 530 U.S. at 570, 120 S.Ct. 2402. This system differs from Arizona's, which restricts registered members of opposing parties with ballot access to voting in their own party's primary. Arizona's system also limits independent and unaffiliated voters who choose to vote in a party primary to participating in selecting only the candidates of that party. The Supreme Court in Jones noted that a system "in which the voter is limited to one party's ballot" may be "constitutionally distinct" from the unconstitutional blanket primary. Id. at 577 n. 8, 120 S.Ct. 2402.
 
 
 12
 In striking down California's blanket primary, however, the Supreme Court focused on the potential for the participation of nonparty members, including registered members of other parties, to influence the choice of the nominee at the primary and to cause partisan candidates to change their message to appeal to a more centrist voter base. See Id. at 578-79, 120 S.Ct. 2402. Because of their smaller size, minor parties such as the plaintiff here are at a greater risk of both of these outcomes when their primaries are opened to nonmembers. See id. at 578, 120 S.Ct. 2402. We observe that the Court in Jones treated the risk that nonparty members will skew either primary results or candidates' positions as a factual issue, with the plaintiffs having the burden of establishing that risk. See id. On remand, the district court should separately consider the constitutionality of nonparty members voting for Libertarian party candidates for public office, including the primary system's potential to change the party's nominee or the candidates' positions.
 
 
 13
 Should the district court determine that Arizona's candidate selection system is constitutional under Jones, it next must conduct a severability analysis. In general, only the unconstitutional portion of a legislative enactment should be invalidated. See Nat'l Adver. Co. v. City of Orange, 861 F.2d 246, 249-50 (9th Cir. 1988). Although severability is a question of state law that we review de novo, see Randolph v. Groscost, 195 Ariz. 423, 989 P.2d 751, 755 (1999) (setting out the test for considering the severability of provisions of voter-approved initiative under Arizona law); Salve Regina College v. Russell, 499 U.S. 225, 239, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991) (holding that the district court's interpretation of state law is reviewed de novo), we nonetheless consider it prudent to remand to the district court where "we believe the district court is better able to decide the question in the first instance." Presbyterian Church (U.S.A.) v. United States, 870 F.2d 518, 529 (9th Cir.1989).
 
 
 CONCLUSION
 
 
 14
 We AFFIRM the district court's grant of summary judgment as it pertains to the election of Libertarian party precinct committeemen. We VACATE the district court's grant of summary judgment to the extent that it applies to parties other than the Libertarian Party, and as it pertains to the selection of Libertarian Party candidates. We REMAND so that the district court may consider separately the constitutionality of requiring the Libertarian Party to allow nonmembers to select party candidates and if necessary the severability of the provision relating to the election of Libertarian Party precinct committeemen. Our holding is limited to the Arizona primary system as applied to the Libertarian Party, and does not apply to any other political parties.
 
 
 15
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.